UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

| | | |
|---|---|---|
| DEREK MORTLAND, | ) | CASE NO.: _____ |
| | ) | |
| Plaintiff, | ) | JUDGE _____ |
| | ) | |
| vs. | ) | **COMPLAINT FOR INJUNCTIVE** |
| | ) | **RELIEF AND DAMAGES:** |
| | ) | |
| TIGER KALAMAZOO, LLC, | ) | **1ST CAUSE OF ACTION:** For Denial of |
| | ) | Access by a Public Accommodation in |
| Defendant. | ) | Violation of the Americans with Disability |
| | ) | Act of 1990 ("Title III" and "ADA"), |
| | ) | 42 U.S.C. §§ 12181 *et seq.* |
| | ) | |
| | ) | **2ND CAUSE OF ACTION:** For Denial of |
| | ) | Access by a Public Accommodation in |
| | ) | Violation of Michigan Persons with |
| | ) | Disabilities Civil Rights Act M.C. L. |
| | ) | 37.1301, *et seq.* |

Plaintiff DEREK MORTLAND Complains of Defendant TIGER KALAMAZOO, LLC, and alleges as follows:

**INTRODUCTION:**

1.      This is a civil rights action for discrimination against persons with physical disabilities, of which plaintiff is a member of, for failure to remove architectural barriers structural in nature at Defendant's property, a place of public accommodation, thereby discriminatorily denying plaintiff access to, the full and equal enjoyment of, opportunity to participate in, and benefit from, the goods, facilities, services, and accommodations thereof. Plaintiff seeks injunctive relief and damages pursuant to the Americans with Disability Act of 1990 ("title III" AND "ADA"), 42. U.S.C. §§ 12181 *et seq.*, and the Michigan Persons with Disabilities Civil Rights Act M.C.L 37.1301, *et seq.*

2.      Plaintiff DEREK MORTLAND is a person with physical disabilities who, on or

COMPLAINT - 1

about March 30, 2023, through March 31, 2023, was an invitee, guest, patron, or customer at Defendant's property, which houses an Extended Stay America Select Suites hotel, located at 1653 S. 11th Street, Kalamazoo, MI 49009. At said time and place, Defendant failed to provide proper legal access to the property, which is a public accommodation and/or public facility. The denial of access was in violation of both federal and Michigan legal requirements, and MORTLAND suffered violations of his civil rights to full and equal access and was embarrassed and humiliated.

**JURISDICTION AND VENUE:**

3.      **Jurisdiction**: This Court has jurisdiction of this action pursuant to 28 U.S.C. §1331 for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq. Pursuant to pendant jurisdiction, attendant and related causes of action, arising from the same nucleus of operative facts and arising out of the same transactions, are also brought under parallel Michigan law, whose goals are closely tied with the ADA, including but not limited to violations of the Michigan Persons with Disabilities Civil Rights Act M.C.L 37.1301, *et seq.*

4.      **Venue**: Venue is proper in this court pursuant to 28 U.S.C. §1391(b) and is founded on the facts that the real property which is the subject of this action is located in this district, in the City of Kalamazoo, County of Kalamazoo, State of Michigan and that plaintiff's causes of action arose in this district.

**PARTIES:**

5.      Plaintiff DEREK MORTLAND is a "physically handicapped person," a "physically disabled person," and a "person with physical disabilities." (Hereinafter the terms "physically disabled," "physically handicapped" and "person with physical disabilities" are used interchangeably, as these words have similar or identical common usage and legal meaning.)

COMPLAINT - 2

MORTLAND is a "person with physical disabilities," as defined by all applicable Michigan and United States laws. MORTLAND requires the use of a wheelchair to travel about in public. Consequently, MORTLAND is a member of that portion of the public whose rights are protected by the Michigan Persons with Disabilities Civil Rights Act M.C.L 37.1301, *et seq.*

6.   Defendant TIGER KALAMAZOO, LLC, a Kansas limited liability company, is the owner and operator, lessor and/or lessee, or agent of the owner, lessor and/or lessee, of the building and/or buildings which constitute a public facility in and of itself, occupied by a Extended Stay America Select Suites hotel, a public accommodation, located at/near 1653 S. 11th Street, Kalamazoo, MI 49009, and subject to the requirements of Michigan state law requiring full and equal access to public facilities pursuant to the Michigan Persons with Disabilities Civil Rights Act M.C.L 37.1301, *et seq.*, and subject to the Americans with Disability Act of 1990 ("TITLE III" AND "ADA"), 42. U.S.C. §§ 12181 *et seq.*, and to all other legal requirements referred to in this complaint.

7.   At all times relevant to this complaint, Defendant is the lessee, or agent of the lessee, and/or lessor, of said premises, and owns and operates the subject Extended Stay America Select Suites hotel, as a public facility at/near 1653 S. 11th Street, Kalamazoo, MI 49009. The business, an Extended Stay America Select Suites hotel, is open to the general public and conducts business therein. The business operating on said premises is a public accommodation subject to the requirements of the Michigan Persons with Disabilities Civil Rights Act M.C.L 37.1301, *et seq.*

8.   At all times relevant to this complaint, Defendant is the landlords/lessors, tenants/lessees and the owners and operators of the subject hotel, a public accommodation located at/near 1653 S. 11th Street, Kalamazoo, MI 49009. As such, Defendant is jointly and

COMPLAINT - 3

severally responsible to identify and remove architectural barriers pursuant to Code of Federal

Regulations section 36.201(b), which states in pertinent part:

> **§ 36.201**      **General**
>
>> (b) Landlord and tenant responsibilities. Both the landlord
>> who owns the building that houses a place of public
>> accommodation and the tenant who owns or operates the place of
>> public accommodation are public accommodations subject to the
>> requirements of this part. As between the parties, allocation of
>> responsibility for complying with the obligations of this part may
>> be determined by lease or other contract.
>
> CFR §36.201(b)

9.   Plaintiff does not know the true names of Defendant, its business capacities, its

ownership connection to the property and business, nor their relative responsibilities in causing

the access violations herein complained of. Plaintiff is informed and believes that the Defendant

herein is a public accommodation, and is the agent, ostensible agent, master, servant, employer,

employee, representative, franchisor, franchisee, partner, and associate, or such similar capacity,

of each of the other defendants, if any, and was at all times acting and performing, or failing to

act or perform, within the course and scope of his, her or its authority as agent, ostensible agent,

master, servant, employer, employee, representative, franchiser, franchisee, partner, and

associate, or such similar capacity, and with the authorization, consent, permission or ratification

of each of the other defendants, and is responsible in some manner for the acts and omissions of

the other defendants in legally causing the violations and damages complained of herein, and

have approved or ratified each of the acts or omissions of each other defendant, as herein

described.

**PRELIMINARY FACTUAL ALLEGATIONS:**

10. Defendant is the entity that is a public accommodation that owns, leases (or

COMPLAINT - 4

leases to), or operates, an Extended Stay America Select Suites hotel located at 1653 S. 11th Street, Kalamazoo, MI 49009. The Extended Stay America Select Suites hotel and each of its facilities are places "of public accommodation" subject to the requirements of the Americans with Disability Act of 1990 ("TITLE III" AND "ADA"), 42. U.S.C. §§ 12181 *et seq.*, and the Michigan Persons with Disabilities Civil Rights Act M.C.L 37.1301, *et seq.* On information and belief, said facility has undergone "alterations, structural repairs and additions," each of which has subjected the Extended Stay America Select Suites hotel to handicapped access requirements.

11. Plaintiff DEREK MORTLAND is a person with a disability. MORTLAND is a "physically disabled person," as defined by all applicable Michigan and United States laws. MORTLAND is paralyzed and requires the use of a wheelchair for mobility and to travel in public.

12. At all times referred to herein and continuing to the present time, Defendant advertised, publicized and held out the Extended Stay America Select Suites hotel as being handicapped accessible and handicapped usable.

13. On or about March 30, 2023, through March 31, 2023, MORTLAND was an invitee and guest at the subject Extended Stay America Select Suites hotel, arriving for purposes of obtaining lodging.

14.  Upon his arrival, during his patronizing of the public accommodation, and upon his exit of the facility, MORTLAND personally encountered architectural barriers which denied him the full and equal access to the property.

15. Therefore, at said time and place, MORTLAND, who is a person with disabilities, encountered numerous inaccessible elements of the subject Extended Stay America Select Suites

COMPLAINT - 5

hotel which constituted architectural barriers and a denial of the proper and legally required access to a public accommodation to persons with physical disabilities. *By way of example and not as an exhaustive inventory of Defendant's violations*, the barriers to access were personally encountered by MORTLAND within the facility's (1) parking, (2) front desk, (3) vending area, (4) public restroom, (5) guest room 317, (6) laundry, (7), and upon information and belief, the (8) other accessible guest rooms, and the (9) public unisex restroom. For further information on the barriers which Mortland encountered, please see Plaintiff's Exhibit 1, Site Accessibility Evaluation.

16. On personal knowledge, information and belief, other public facilities and elements too numerous to list were improperly inaccessible for use by persons with physical disabilities.

17. At all times stated herein, the existence of architectural barriers at Defendant's place of public accommodation evidenced "actual notice" of Defendant's intent not to comply with the Americans with Disability Act of 1990 ("TITLE III" AND "ADA"), 42. U.S.C. §§ 12181 *et seq.*, and the Michigan Persons with Disabilities Civil Rights Act M.C.L 37.1301, *et seq.*, either then, now or in the future.

18. As a legal result of Defendant's failure to act as a reasonable and prudent public accommodation in identifying, removing or creating architectural barriers, policies, practices and procedures that denied access to plaintiff and other persons with disabilities, plaintiff suffered damages as alleged herein.

19. As a further legal result of the actions and failure to act of Defendant, and as a legal result of the failure to provide proper handicapped-accessible public facilities as set forth herein, MORTLAND was denied his civil rights to full and equal access to public facilities. MORTLAND suffered a loss of his civil rights and his rights as a person with physical

COMPLAINT - 6

disabilities to full and equal access to public facilities, and further suffered from personal

physical injury, shame, humiliation, embarrassment, anger, disappointment and worry,

expectedly and naturally associated with a person with physical disabilities being denied access,

all to his damages as prayed hereinafter in an amount within the jurisdiction of this court.

20. On information and belief, construction alterations carried out by Defendant have

triggered access requirements under Americans with Disability Act of 1990 ("TITLE III" AND

"ADA"), 42. U.S.C. §§ 12181 *et seq.*, and the Michigan Persons with Disabilities Civil Rights

Act M.C.L 37.1301, *et seq.*

21. MORTLAND, as described herein below, seeks injunctive relief to require the

Extended Stay America Select Suites hotel to be made accessible to meet the requirements of

both Michigan law and the Americans with Disabilities Act, whichever is more restrictive, so

long as Defendant operates and/or leases the Extended Stay America Select Suites hotel as a

public facility. Plaintiff seeks damages for violation of his civil rights, from the date of his visit

until such date as Defendant brings the establishment into full compliance with the requirements

of Michigan and federal law.

22. On information and belief, Defendant has been negligent in its affirmative duty

to identify the architectural barriers complained of herein and negligent in the removal of some

or all of said barriers.

23. Because of Defendant's violations, MORTLAND and other persons with physical

disabilities are unable to use public facilities such as those owned and operated by Defendant on

a "full and equal" basis unless such facility is in compliance with the provisions of the

Americans with Disabilities Act and other accessibility law as plead herein. Plaintiff seeks an

order from this court compelling Defendant to make the Extended Stay America Select Suites

COMPLAINT - 7

hotel accessible to persons with disabilities.

24. Plaintiff is informed and believes and therefore alleges that Defendant caused the subject property to be constructed, altered and/or maintained in such a manner that persons with physical disabilities were denied full and equal access to, within and throughout said facility of the Extended Stay America Select Suites hotel and were denied full and equal use of said public facility. Further, on information and belief, Defendant has continued to maintain and operate said facility in such conditions up to the present time, despite actual and constructive notice to such Defendant that the configuration of the establishment and/or its building(s) are in violation of the civil rights of persons with physical disabilities, such as plaintiff and the disability community. Such construction, modification, ownership, operation, maintenance and practices of such public facilities are in violation of law as stated in Americans with Disability Act of 1990 ("TITLE III" AND "ADA"), 42. U.S.C. §§ 12181 *et seq.* and elsewhere in the laws of Michigan.

25. On information and belief, the subject public facility denied full and equal access to plaintiff and other persons with physical disabilities in other respects due to noncompliance with requirements of the Michigan Persons with Disabilities Civil Rights Act M.C.L 37.1301, *et seq.*

26. On personal knowledge, information and belief, the basis of Defendant's actual and constructive notice that the physical configuration of the facilities including, but not limited to, architectural barriers constituting the Extended Stay America Select Suites hotel was in violation of the civil rights of persons with physical disabilities, such as plaintiff, includes, but is not limited to, communications with invitees and guests, owners of other establishments and businesses, notices Defendant obtained from governmental agencies upon modification, improvement, or substantial repair of the subject premises and other properties owned by the Defendant, newspaper articles and trade publications regarding the Americans with Disabilities

COMPLAINT - 8

Act and other access laws, public service announcements, and other similar information. Defendant's failure, under state and federal law, to make the establishment accessible is further evidence of Defendant's conscious disregard for the rights of plaintiff and other similarly situated persons with disabilities. The scope and means of the knowledge of Defendant are within Defendant's exclusive control and cannot be ascertained except through discovery.

27.     Plaintiff will return to the subject Extended Stay America Select Suites hotel to patronize the facility, if it is made fully accessible to a disabled person in a wheelchair, and to also avail himself of the hotel's services.

29.     Should the Extended Stay America Select Suites hotel become accessible, MORTLAND will visit it again because he frequently travels to and through Kalamazoo, Michigan and Southwest Michigan, and will do so again in the Spring and Summer of 2024.

30.     Furthermore, plaintiff intends to return to the Extended Stay America Select Suites hotel on an annual basis, beginning in 2024, to ascertain whether Defendant removed the barriers to access which are the subject of this litigation.

## I.    FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A PUBLIC ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990 (42 U.S.C. §12101, *et seq.*)

31.     Plaintiff pleads and incorporates by reference, as if fully set forth again herein, the allegations contained in paragraphs 1 through 30 of this complaint.

32.     Pursuant to law, in 1990, the United States Congress made findings per 42 U.S.C. §12101 regarding persons with physical disabilities, finding that laws were needed to more fully protect:

> some 43 million Americans with one or more physical or mental disabilities; [that] historically society has tended to isolate and segregate individuals with disabilities; [that] such forms of discrimination against individuals with disabilities continue to be a

COMPLAINT - 9

> serious and pervasive social problem; [that] the nation's proper
> goals regarding individuals with disabilities are to assure equality
> of opportunity, full participation, independent living and economic
> self-sufficiency for such individuals; [and that] the continuing
> existence of unfair and unnecessary discrimination and prejudice
> denies people with disabilities the opportunity to compete on an
> equal basis and to pursue those opportunities for which our free
> society is justifiably famous.

33. Congress stated as its purpose in passing the Americans with Disabilities Act of 1990 (42 U.S.C. §12102):

> It is the purpose of this act (1) to provide a clear and
> comprehensive national mandate for the elimination of
> discrimination against individuals with disabilities; (2) to provide
> clear, strong, consistent, enforceable standards addressing
> discrimination against individuals with disabilities; (3) to ensure
> that the Federal government plays a central role in enforcing the
> standards established in this act on behalf of individuals with
> disabilities; and (4) to invoke the sweep of Congressional
> authority, including the power to enforce the 14th Amendment and
> to regulate commerce, in order to address the major areas of
> discrimination faced day to day by people with disabilities.

34.    As part of the Americans with Disabilities Act of 1990, (hereinafter the "ADA"), Congress passed "Title III - Public Accommodations and Services Operated by Private Entities" (Section 301 42 U.S.C. §12181, *et seq*.). Among the public accommodations identified for purposes of this title was:

> (7) PUBLIC ACCOMMODATION - The following private
> entities are considered public accommodations for purposes of this
> title, if the operations of such entities affect commerce -
> . . .
> (A) an inn, hotel, motel, or other place of lodging ***;
>
> 42  U.S.C. §12181(7)(A).

35. Pursuant to §302, 42 U.S.C. §12182, "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person

COMPLAINT - 10

who owns, leases, or leases to, or operates a place of public accommodation."

36. The specific prohibitions against discrimination set forth in §302(b)(2)(a),

42 U.S.C. §12182(b)(2)(a) are:

> (i) the imposition or application of eligibility criteria
> that screen out or tend to screen out an individual with a disability
> or any class of individuals with disabilities from fully and equally
> enjoying any goods, services, facilities, privileges, advantages, or
> accommodations, unless such criteria can be shown to be
> necessary for the provision of the goods, services, facilities,
> privileges, advantages, or accommodations being offered;

> (ii) a failure to make reasonable modifications in
> policies, practices, or procedures, when such modifications are
> necessary to afford such goods, services, facilities, privileges,
> advantages or accommodations to individuals with disabilities,
> unless the entity can demonstrate that making such modifications
> would fundamentally alter the nature of such goods, services,
> facilities, privileges, advantages, or accommodations;

> (iii) a failure to take such steps as may be necessary to
> ensure that no individual with a disability is excluded, denied
> services, segregated or otherwise treated differently than other
> individuals because of the absence of auxiliary aids and services,
> unless the entity can demonstrate that taking such steps would
> fundamentally alter the nature of the good, service, facility,
> privilege, advantage, or accommodation being offered or would
> result in an undue burden;

> (iv) a failure to remove architectural barriers, and
> communication barriers that are structural in nature, in existing
> facilities . . . where such removal is readily achievable; and

> (v) where an entity can demonstrate that the removal of
> a barrier under clause (iv) is not readily achievable, a failure to
> make such goods, services, facilities, privileges, advantages or
> accommodations available through alternative methods if such
> methods are readily achievable.

37. The acts of Defendant set forth herein were a violation of plaintiff's rights under the

ADA, 42. U.S.C. §§ 12181 *et seq.*, and the Michigan Persons with Disabilities Civil Rights Act

M.C.L 37.1301, *et seq.*, making available damage remedies.

COMPLAINT - 11

38. The removal of the barriers complained of by plaintiff as hereinabove alleged was at all times after January 26, 1992 "readily achievable" as to the subject Extended Stay America Select Suites hotel pursuant to 42 U.S.C. §12182 (b)(2)(A)(i)-(iv). On information and belief, if the removal of all the barriers complained of herein together was not "readily achievable," the removal of each individual barrier complained of herein was "readily achievable." On information and belief, Defendant's failure to remove said barriers was likewise due to discriminatory practices, procedures and eligibility criteria, as defined by §302(b)(2)(a)(i)-(iii); 42 U.S.C. §12182 (b)(2)(A)(i).

39. Per §301(9), 42 U.S.C. §12181 (9), the term "readily achievable" means "easily accomplishable and able to be carried out without much difficulty or expense." The statute defines relative "expense" in part in relation to the total financial resources of the entities involved. Plaintiff alleges that properly repairing, modifying, or altering each of the items that plaintiff complains of herein were and are "readily achievable" by the Defendant under the standards set forth under §301(9) of the Americans with Disabilities Act. Further, if it was not "readily achievable" for Defendant to remove each of such barriers, Defendant has failed to make the required services available through alternative methods which were readily achievable.

40. On information and belief, the Extended Stay America Select Suites hotel was Constructed on or after January 26, 1992.

41. On information and belief, the Extended Stay America Select Suites was constructed on or after March 15, 2012.

42. On information and belief, alterations, upgrades, remodeling, renovations, aesthetic upgrades, fixture upgrades, and modifications of, the subject Extended Stay America Select Suites hotel occurred after the compliance date for the Americans with Disabilities Act, January

COMPLAINT - 12

26, 1992, independently triggering access requirements under Title III of the ADA.

43. Pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12188, *et seq*., §308, plaintiff is entitled to the remedies and procedures set forth in §204(a) of the Civil Rights Act of 1964, 42 U.S.C. 2000(a)-3(a), as plaintiff is being subjected to discrimination on the basis of disability in violation of this title or has reasonable grounds for believing that he is about to be subjected to discrimination in violation of §302. Plaintiff cannot return to or make use of the public facilities complained of herein so long as the premises and Defendant's policies bar full and equal use by persons with physical disabilities.

44. Per §308(a)(1) (42 U.S.C. 12188), "Nothing in this section shall require a person with a disability to engage in a futile gesture if such person has actual notice that a person or organization covered by this title does not intend to comply with its provisions." Pursuant to this last section, plaintiff has not returned to Defendant's premises since on or about February 6, 2023, through February 7, 2023, but alleges that Defendant has continued to violate the law and deny the rights of plaintiff and of other persons with physical disabilities to access this public accommodation. Pursuant to §308(a)(2), "In cases of violations of §302(b)(2)(A)(iv) . . . injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by this title."

45. Plaintiff seeks relief pursuant to remedies set forth in §204(a) of the Civil Rights Act of 1964 (42 U.S.C. 2000(a)-3(a)), and pursuant to federal regulations adopted to implement the Americans with Disabilities Act of 1990, including but not limited to an order granting injunctive relief and attorneys' fees. Plaintiff will seek attorneys' fees conditioned upon being deemed to be the prevailing party.

46. Plaintiff seeks damages pursuant to the Michigan Persons with Disabilities Civil Rights

COMPLAINT - 13

Act M.C.L 37.1301, *et seq.*, which provide, within the statutory scheme, that a violation of the ADA and/or Michigan's accessibility standards is a violation of Michigan law.

Wherefore, plaintiff prays for relief and damages as hereinafter stated.

**II.    SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND EQUAL ACCESS IN VIOLATION OF THE MICHIGAN PERSONS WITH DISABILITIES CIVIL RIGHTS ACT M.C.L 37.1301, ET SEQ.**

47. Plaintiff repleads and incorporates by reference as if fully set forth again herein, the allegations contained in paragraphs 1 through 46 of this complaint.

48. At all times relevant to this action, the Extended Stay America Select Suites hotel and the business therein, are "places of public accommodation" pursuant to M.C.L. 37.1301(a).

49. Defendant committed an unlawful act pursuant to M.C.L. 37.1302(a) by denying Plaintiff his full and equal enjoyment of its goods, services, accommodations, advantages, facilities, or privileges at its place of public accommodation because of a disability, as prohibited by M.C.L. 37.1302.

50. Plaintiff has desired and attempted to enjoy the goods and services at the Extended Stay America Select Suites hotel as a customer. He has been prevented from doing so do to the existing architectural barriers at the property. As a result, he has been distressed and inconvenienced thereby, and is entitled to monetary damages for his injuries, as provided for in M.C.L. 37.1606.

51. As a result of being denied full access to the property, Plaintiff has suffered, and will continue to suffer, physical personal injury, emotional distress, humiliation, anxiety, anger, a loss of enjoyment of life, and other consequential and incidental damages.

52. Pursuant to Michigan law, plaintiff is entitled to compensatory damages, and attorney fees and costs, in an amount to be determined at trial, but in any event not less than

COMPLAINT - 14

$25,000.00, as well as issuance of an injunction requiring Defendant to allow full and equal

enjoyment of its goods, services, facilities, privileges, and advantages to disabled persons.

Wherefore, plaintiff prays for relief and damages as hereinafter stated.

**PRAYER:**

Wherefore, Plaintiff DEREK MORTLAND prays that this court grant relief and damages

as follows:

**I.     PRAYER FOR FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A
        PUBLIC ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH
        DISABILITIES ACT OF 1990 (42 U.S.C. §1 2101, et seq.)**

1.     For injunctive relief, compelling Defendant to make Extended Stay America

Select Suites hotel, readily accessible to and usable by individuals with disabilities; and to make

reasonable modifications in policies, practice, eligibility criteria and procedures so as to afford

full access to the goods, services, facilities, privileges, advantages and accommodations being

offered.

2.     For attorneys' fees, litigation expenses and costs of suit, if plaintiff is deemed

the prevailing party; and

3.     For such other and further relief as the court may deem proper.

**I.     PRAYER FOR SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND
        EQUAL ACCESS IN VIOLATION OF THE MICHIGAN PERSONS WITH
        DISABILITIES CIVIL RIGHTS ACT M.C.L 37.1301, *ET SEQ.***

4.     For injunctive relief, compelling Defendant to make the Extended Stay America

Select Suites hotel, readily accessible to and usable by individuals with disabilities, per state law.

5.     General and compensatory damages according to proof;

6.     All damages for each day, from the inception of the filing of this complaint, on

which Defendant have failed to remove barriers which denied plaintiff and other persons with

COMPLAINT - 15

disabilities full and equal access.

7.    Attorneys' fees pursuant to Michigan law, if plaintiff is deemed the prevailing party;

8.    For all costs of suit;

9.    Prejudgment interest pursuant to Michigan law; and

10.    Such other and further relief as the court may deem just and proper.

Respectfully submitted,

THE MEEKER GROUP, LLC

/s/ *COLIN G. MEEKER*
COLIN G. MEEKER (Ohio Bar No. 0092980)
2991 Millboro Road, Suite 101
Silver Lake, OH 44224
Telephone: (330) 603-7173
TheMeekerGroup@outlook.com

Attorney for Plaintiff DEREK MORTLAND

COMPLAINT - 16